UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES DARRNELL YOUNG, SR.** | **CIVIL ACTION NO. 23-348-P** |
| **VERSUS** | **JUDGE HICKS** |
| **M. POLLITT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff James Darrnell Young, Sr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on March 15, 2023. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Plaintiff names Officer M. Pollitt and Brandy Nicole Crockett as defendants.

Plaintiff claims that on August 28, 2021, Officer M. Pollitt and Brandy Nicole Crockett arrived at the residence he shared with Crockett. Crockett is the mother of his children. Plaintiff claims he stepped outside of his residence to meet Pollitt and notify him of the situation. He claims Crockett had stolen his car and he needed his keys so he could go to work. He claims he and Pollitt were chest to chest, so he tried to step aside because he was in his personal space.

Plaintiff claims Pollitt grabbed him by the arm. He claims he then asked Pollitt why he was at his residence. He claims Pollitt ignored him and exerted more force on his arm. He claims he fell to the ground and Pollitt picked him up and slammed his head and body against the concrete wall and the ground. He claims Pollitt stuck his knee in his back and choked him unconscious. Plaintiff claims that when he regained consciousness, he was lying face down in a puddle of his own blood. He claims that when he rose to his feet, he was ordered to get back on the ground. He claims he was then shot twice with a stun gun. He claims he fell back to the ground and dragged himself away from the front door of his apartment. He claims he pleaded with Pollitt who yelled for him to shut up. He claims EMS personal arrived at the scene. He claims they calmed him down and checked his vitals. He claims Pollitt rode in the ambulance with him to the hospital. Plaintiff claims his nose was broken by Pollitt. He claims Crockett video recorded the incident. Plaintiff claims he was never asked to do anything, and he was not read his Miranda rights.

Plaintiff claims he was falsely arrested and charged with resisting an officer on August 28, 2021. He claims the charges against him were dismissed on March 14, 2022.

Accordingly, Plaintiff seeks monetary compensation, lost wages, and counseling.

## LAW AND ANALYSIS

**Prescription**

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the

forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff claims his civil rights were violated by Defendants on August 28, 2021. Thus, prescription began to run as to these claims on August 28, 2021. The above entitled and numbered complaint was not signed by Plaintiff until March 9, 2023, and it was not filed by the Clerk of Court until March 15, 2023. Plaintiff's claims are, therefore, prescribed. Accordingly, Plaintiff's civil rights claims should be dismissed as frivolous.

**Defendant Brandy Nicole Crockett**

Plaintiff names the mother of his children, Brandy Nicole Crockett, as a defendant. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a

person acting under color of state law. Plaintiff has not alleged any action that would give rise to defendant Brandy Nicole Crockett being a state actor for purposes of Section 1983. Accordingly, Plaintiff's civil rights claims against Brandy Nicole Crockett should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the Plaintiff's complaint lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of July, 2023.

Mark L. Hornsby
U.S. Magistrate Judge